UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-10226-RGS

JOANNA M. SNYDER, et al.

v.

CONTRACTED MEDICAL FOR THE DOC, et al.

ORDER

February 7, 2020

On February 5, 2020, Joanna M. Snyder ("Snyder"), an inmate in custody at MCI Framingham, filed a *pro se* complaint. *See* Docket No. 1. The case caption of the complaint lists the plaintiffs as follows: Joanna M. Synder, and Jennifer Donahue and every inmate presently incarcerated at MCI Framingham. *Id.* The body of the complaint lists Synder and Donahue as plaintiffs. *Id.* at I (the parties to this complaint). Only Snyder signed the complaint. *Id.* at V (certification and closing).

To the extent that Synder intends to proceed on behalf of other inmates, Snyder is not alleged to be an attorney and cannot represent anyone other than herself. *See* 28 U.S.C. § 1654; *Herrera–Venegas v. Sanchez–Rivera*, 681 F.2d 41, 42 (1st Cir. 1982). "Although 28 U.S.C. § 1654 permits persons to proceed *pro se*, this provision does not allow unlicensed lay

people to represent other *pro se* litigants." *Cohen v. Attorney Gen. of Massachusetts*, No. CA 11-11500-NMG, 2011 WL 5008088, at *7 (D. Mass. Oct. 18, 2011) (citing *Feliciano v. DuBois*, 846 F. Supp. 1033, 1039 (D. Mass. 1994); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). A non-attorney cannot litigate on behalf of another person.

With the complaint, Snyder filed an application to proceed without prepayment of fees and affidavit. *See* Docket No. 2. On February 7, 2020, Snyder's application to proceed without prepayment of fees was denied without prejudice to refiling with a copy of her prison account statement. *See* Docket No. 4.

Donahue did not file an application to proceed without prepayment of fees and has not signed the complaint. Rule 11 of the Federal Rules of Civil Procedure clearly provides "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see also* District of Massachusetts Local Rule 5.1 (a)(1) ("The provisions of Fed. R. Civ. P. 10 and 11 concerning the form and signing of pleadings, motions, and other papers shall be applicable to all papers filed in any proceeding in this court."). Additionally, when there are multiple plaintiff's

in a civil action, the practice of this court has been to equally apportion the filing fee between all co-plaintiffs.

Accordingly, if Donahue wishes to proceed as a party to this action, she shall, within 21 days of this Order, file (1) an application to proceed *in forma pauperis* accompanied by a certified copy of her prison account statement and (2) a copy of the complaint containing her signature. Failure of the Donahue to comply with this directive may result in the dismissal of her claims from this action.

The Clerk shall provide Donahue with (1) a copy of the complaint, and (2) a blank Application to Proceed in District Court Without Prepaying Fees or Costs.

                SO ORDERED.

                /s/ Richard G. Stearns
                UNITED STATES DISTRICT JUDGE