UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-10226-RGS

JOANNA M. SNYDER and JENNIFER DONAHUE

v.

CONTRACTED MEDICAL FOR THE DOC, et al.

MEMORANDUM AND ORDER

March 27, 2020

For the reasons stated below, the court denies without prejudice plaintiffs' motion for immediate injunction and temporary restraining order. The court permits the plaintiffs to proceed *in forma pauperis* and finds that the complaint fails to state a claim upon which relief may be granted. If plaintiffs wish to proceed with this action, they must file an amended complaint that sets forth a plausible claim upon which relief may be granted.

INTRODUCTION

This prisoner civil rights action was initiated on February 5, 2020, by Joanna M. Snyder ("Snyder") and Jennifer Donahue ("Donahue"), both inmates in custody at MCI Framingham. *See* Docket No. 1. Plaintiffs' complaint alleges that several aspects of their confinement violate their constitutional rights and allege the denial of access to the courts, the inability

to earn good time credit, the denial of access to the grievance process and inadequate medical care.[1]  *Id.*

Since the filing of this action, plaintiffs' motion for counsel was denied without prejudice and plaintiffs were granted additional time to file applications to proceed *in forma pauperis* accompanied by certified copies of their prison account statements.  *See* Docket Nos. 4, 5, 11.

In response, plaintiffs filed applications to proceed *in forma pauperis* with copies of their prison account statements.  *See* Docket No. 13, 17.  Joanna Snyder filed a notice indicating that the prison declined her request to transfer funds to the court for payment of the filing fee.  *See* Docket No. 15.

On March 23, 2020, plaintiffs filed a "motion for immediate injunction and TRO."  *See* Docket No. 16.  Jennifer Donahue signed the motion and seeks to proceed on behalf of present and future inmates similarly situated

---

[1] The statement of claim states:
> Taylor, the newly hired D.O.T. came to the new line unit and stated to the inmates who reside there that they will not be put in a Pathway which is D.O.C. treatment program to earn good time under MGL 127 § 129D which is a violation of the United States Constitution Amendment IVX, and Massachusetts Civil Rights.  Medical will not even ask for medications that we came in on.  Access to the courts is regularly denied, LexisNexis is down in units & actual library hours are minimal.

*See* Complaint, ¶ III (statement of claim).

at MCI-Framingham.² *Id.* The five-page motion, which is accompanied by over 100 pages of exhibits, "outlines a few instances where the Department has and continues to abuse the inmates housed at MCI-Framingham." *Id.* at p. 2. Among other things, Donahue contends that upon Snyder's arrival at MCI Framingham, her anti-seizure medication was discontinued without sufficient monitoring. *Id.* at p. 3. Also, despite advising the facility of an allergy, Snyder or Donahue was prescribed a medication to which she was allergic. *Id.*

Donahue asks the court to enjoin the correctional officials at MCI Framingham "from the practices that are depriving the inmates of their constitutional protected rights to access the law library, get competant (sic) medical care, to stop the sexual abuse violating the laws of the Commonwealth, and the protections guaranteed under the United States Constitution." *Id.* at p. 2. Donahue seeks a temporary restraining order "for the institution's medical staff not to violate 'hippa' laws, to not have medical personell (sic) speak with security staff as to inmates medical status, and to order the Department of Correction who is a defendant in this case to allow

---

² Donahue only has standing to bring claims resulting from her own injuries. *See Bingham v. Massachusetts*, 616 F.3d 1, 5 (1st Cir. 2010).

the First Amendment rights as guaranteed by the United States Constitution." *Id.* at p. 5.

## FILING FEE

Now before the court are plaintiffs' applications to proceed in district court without prepaying fees or costs. *See* Docket Nos. 13, 17. Each plaintiff filed a copy of her prison account statement. *See* Docket No. 17-1.

Because plaintiffs are prisoner-plaintiffs, each application must be accompanied by "a certified copy of the trust fund account statement . . . for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined" so that the court may determine the initial partial filing fee and subsequent monthly payments required for the filing fee as required under the Prison Litigation Reform Act. 28 U.S.C. § 1915(a)(2), (b).

For plaintiffs, the relevant 6-month period is August 2019 to January 2020. Jennifer Donahue's prison account statement covers this period. *See* Docket No. 17-1. However, Joanna Snyder's application covers January 8, 2020 to March 13, 2020, thus including complete information for only one of the months (January 2020) in the six months preceding the filing of the action. Five months of pre-filing data is missing for the period of August 2019 through December 2019. Accordingly, the court calculates Snyder's

filing fee obligation based upon the information provided for the first month prior to the filing of this action (January 8, 2020 through February 5, 2020) and the six-week period following the filing of the complaint (February 6, 2020 through March 13, 2020). *See* Docket No. 17-1, p. 1-2. Snyder is assessed an initial, partial filing fee of $11.06, pursuant to 28 U.S.C. § 1915(b)(1)(B). The remainder of the fee, $163.94, is to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2).

Upon review of Donahue's prison account statement, and based upon the average monthly deposits for the six month period beginning August 1, 2019 and continuing through January 31, 2020, Donahue is assessed an initial, partial filing fee of $37.63, pursuant to 28 U.S.C. § 1915(b)(1)(B). The remainder of the fee, $137.37, is to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2).

The Clerk shall send a copy of this Order to the Treasurer's Office at MCI Framingham, along with the standard Notice to Prison form. If either plaintiff seeks modification of the assessment of the filing fee, she may file a motion demonstrating good cause for any requested modification.

PRELIMINARY SCREENING OF THE COMPLAINT

When plaintiffs are permitted to proceed without prepayment of the filing fee, summonses do not issue until the court reviews the complaint and

determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Similarly, under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are subject to screening. Both § 1915 and § 1915A authorize federal courts to dismiss complaints *sua sponte* if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001). In conducting this review, the court liberally construes the complaint because the plaintiffs are proceeding *pro se. Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

The complaint is subject to dismissal because it does not comport substantially with the pleading requirements of Rules 8 of the Federal Rules of Civil Procedure. The complaint fails to set forth plaintiffs' claims in a clear fashion in accordance with the pleading requirements of Rule 8(a), which states that a complaint must include 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Fed. R. Civ. P. 8(a). This statement must "give the defendant fair notice of what the [plaintiffs'] claim

is and the grounds upon which it rests," *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The statement must afford the defendant a "meaningful opportunity to mount a defense." *Díaz-Rivera v. Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004) (quoting *Rodríguez v. Doral Mortgage Corp.,* 57 F.3d 1168, 1172 (1st Cir. 1995)). *See also Redondo-Borges v. U.S. Dept. of Hous. and Urban Dev.*, 421 F.3d 1, 5 (1st Cir. 2005). "[I]n a civil rights action ..., the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." *Educadores Puertorriqueños en Acción v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004). Although "the requirements of Rule 8(a)(2) are minimal ... minimal requirements are not tantamount to nonexistent requirements." *Id.* (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988)).

Under Rule 8, a plaintiff must plead more than a mere allegation that the defendants have harmed her. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)(detailed factual allegations are not required under Rule 8, but a complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation" (quoting *Twombly*, 550 U.S. at 555). *See Chiang v. Skeirik*, 582 F.3d 238, 244 (1st Cir. 2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do

not suffice.") (internal citation and quotation marks omitted). Mere legal conclusions or naked assertions are insufficient to state a claim, and need not be credited by the Court. *See Iqbal*, 556 U.S. at 677; *see also Twombly*, 550 U.S. 544, 557 (2007)); *Maldonado v. Fontanes*, 568 F.3d 263, 266 (1st Cir. 2009). The complaint must include "enough detail to provide a defendant with 'fair notice of what the ... claim is and the grounds upon which it rests.'" *Ocasio–Hernández v. Fortuño–Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

While the court must construe a *pro se* litigant's pleading liberally, "*pro se* plaintiffs, like all other plaintiffs, must comply with the Federal Rules of Civil Procedure." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). A *pro se* litigant's obligation to comply with the Federal Rules of Civil Procedure includes the requirement that a complaint complies with the "short and plain statement" requirement." *See Koplow v. Watson*, 751 F. Supp.2d 317 (D. Mass. 2010) (dismissing *pro se* complaint for failing to comply with Rule 8).

Here, the complaint contains conclusory and unrelated allegations. Although the complaint list seven individual defendants, the statement of claim mentions only Taylor MaClellan, the Director of Treatment. The complaint fails to set forth a short and plain statement of single, concise and

direct allegations against the named defendants that would permit them to intelligently respond to the complaint.

In light of the foregoing, this action will be dismissed in forty-two days unless plaintiffs file an amended complaint which sets forth a plausible claim upon which relief may be granted. Plaintiffs are informed that if they elect to file an amended complaint, they should include in the amended complaint any allegations from the original complaint that they wish to be part of the operative pleading.

## MOTION FOR IMMEDIATE INJUNCTION

The court will not construe motion for immediate injunction and temporary restraining order ("TRO") as a request for a preliminary injunction because preliminary injunctions may not be issued without notice to the adverse party, and the complaint has not been served on the defendants. *See* Fed. R. Civ. P. 65(a)(1). To the extent plaintiffs seek an *ex parte* temporary restraining order, such relief may be sought pursuant to Fed. R. Civ. P. 65(b).

A TRO is an order issued without notice to the party to be enjoined that may last no more than 14 days. Fed R. Civ. P. 65(b)(2). A TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will

result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Even where a plaintiff makes a showing of "immediate and irreparable" injury, the court cannot issue a TRO without notice to the adverse parties unless the plaintiff "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).

Here, there is no certification in writing of any effort plaintiffs have made to provide at least informal notice to the defendants and no details as to the reasons why such notice should not be required in view of an immediate and irreparable need for injunctive relief. *See* Fed. R. Civ P. 65(a)(1). In addition to notice to the adverse party, a motion for injunctive relief must be accompanied by a memorandum in support addressing the four requirements for injunctive relief: "(1) the movant's likelihood of success on the merits; (2) whether and to what extent the movant would suffer irreparable harm if the request were rejected; (3) the balance of hardships between the parties; and (4) any effects that the injunction or its denial would have on the public interest." *Diaz-Carrasquillo v. Garcia-Padilla*, 750 F.3d 7, 10 (1st Cir. 2014).

Although over 100 pages of exhibits accompany the motion, plaintiffs have not submitted a memorandum of reasons or affidavits. *See* Local Rule

7.1(b)(1). To the extent plaintiffs ask the court to grant injunctive relief without affording defendants the opportunity to be heard, plaintiffs' motion fails. They have presented no evidence to establish "that immediate and irreparable injury, loss, or damage will result to [either of them] before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

To the extent the motion seeks injunctive relief concerning their medical care, plaintiffs have not shown that they are entitled to injunctive relief at this stage of the proceedings. Whether the plaintiffs suffer from the conditions referenced in the motion is not a matter within the common knowledge of a layperson. "[E]xpert testimony may be necessary 'where the matter in issue is within the knowledge of experts only, and not with the common knowledge of lay[persons].'" *Montany v. Univ. of New England*, 858 F.3d 34, 37 (1st Cir. 2017) (quoting *Cyr v. Giesen*, 108 A.2d 316, 318 (Me. 1954)). Without a medical opinion to establish that either plaintiff suffers from the medical conditions alleged, plaintiffs cannot prevail on their claim and they, therefore, have not established that they are likely to prevail on their medical care claims. Accordingly, plaintiffs are not entitled to injunctive relief concerning their medical care at this stage of the proceedings. *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002) ("The *sine qua non* of this four-part inquiry [for injunctive

11

relief] is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity.")

Based on the foregoing the motion for immediate injunction and temporary restraining order is denied without prejudice.

## ORDER

Based on the foregoing, it is hereby ORDERED

1. Plaintiffs' motion (Docket No. 16) for immediate injunction and temporary restraining order is denied without prejudice.

2. Plaintiffs' applications (Docket Nos. 13, 17) to proceed in district court without prepaying fees or costs are granted. Snyder is assessed an initial, partial filing fee of $11.06 with the remainder of the fee, $163.94, to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2). Donahue is assessed an initial, partial filing fee of $37.63 with the remainder of the fee, $137.37, to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2).

3. The complaint is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. If plaintiffs wish to proceed in this matter, they must file an amended complaint that sets forth a plausible claim upon which relief may be granted. Failure to comply with this

directive within forty-two (42) days of this Memorandum and Order likely will result in dismissal of this action.

        SO ORDERED.

        <u>/s/ Richard G. Stearns        </u>
        UNITED STATES DISTRICT JUDGE