UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-10226-RGS

JOANNA M. SNYDER and JENNIFER DONAHUE

v.

CONTRACTED MEDICAL FOR THE DOC, et al.

ORDER ON PENDING MOTIONS (Docket Nos. 29 – 37)

July 31, 2020

This prisoner civil rights action was initiated by Joanna M. Snyder ("Snyder") and Jennifer Donahue ("Donahue"), both inmates in custody at MCI-Framingham. *See* Docket No. 1. On June 12, 2020, plaintiffs filed motions for class certification and appointment of counsel. *See* Docket No. 29, 30. At that time, the following seven inmates at MCI-Framingham filed motions to join this lawsuit: Elba Morales, Nikki Piazza, Tonicia Goodwin, Wendy Filkins, Caroline McDonough, Diane Farley and Justina Talbot. *See* Docket Nos. 31-37.

Rule 20(a) of the Federal Rules of Civil Procedure provides that persons may be joined as plaintiffs or defendants in a single action if "there is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions

or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a).

While plaintiffs' claims may implicate common questions of law, the movants interacted at different times with some of the defendants regarding their own particular concerns. Not every plaintiff had contact with every defendant and the claims do not "necessarily arise out of the same transaction, occurrence, or series of transactions or occurrences." The similarities do not convert each movant's claims into claims arising from the same transaction or series of transactions or occurrences. Should the defendants assert defenses in this case based on the failure exhaust administrative remedies, *see* 42 U.S.C. § 1997e(a), plaintiffs' response to those defenses would likely require different proof for each plaintiff. Thus the motions filed by Elba Morales, Nikki Piazza, Tonicia Goodwin, Wendy Filkins, Caroline McDonough, Diane Farley and Justina Talbot, to join this lawsuit, are denied.

In their motion for class certification, the plaintiffs assert that there are too many potential plaintiffs to join this action pursuant to Rule 20(a) of the Federal Rules of Civil Procedure. *See* Docket No. 29. The motion states that "there is a common element of fact and law" and that these inmates "are

suffering the same [question] of law with respect to the 1st, 8th, [illegible] and 14th [amendment of the United States Constitution]." *Id.*

A Rule 23 class action is an action in which "[o]ne or more members of a class" are authorized to sue "as representative parties on behalf of all [class] members." Fed. R. Civ. P. 23. Under Rule 23(c) of the Federal Rules of Civil Procedure, a class can only be certified if the following four requirements are met: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). As a general rule … an individual appearing *pro se* may not represent other individuals in federal court, *see* 28 U.S.C. § 1654, and courts have routinely denied a prisoner's request to represent a class of prisoners without the assistance of counsel." *Vazquez v. Fed. Bureau of Prisons*, 999 F.Supp.2d 174, 177 (D.D.C. 2013) (citing cases).

Each of the two plaintiffs who signed the amended complaint appears *pro se* in this action, and neither of them is an attorney admitted to the Bar of this court. The *pro se* plaintiffs cannot adequately represent the interests

of the class they have identified. Accordingly, the motion to certify a class is denied.

Finally, under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). However, civil plaintiffs lack a constitutional right to free counsel. *See DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). In addition to demonstrating financial indigency, "an indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel." *Id*. Exceptional circumstances are shown when the denial of appointed counsel will result in fundamental unfairness impinging on a litigant's due process rights. *DesRosiers v. Moran*, 949 F.2d 15, 29 (1st Cir. 1991). In determining whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigants' ability to represent themselves. *See id*. at 24. Here, it does not appear that exceptional circumstances that would justify the appointment of counsel exist.

Accordingly,

1. The motions (Docket No. 31-37) by Elba Morales, Nikki Piazza,

    Tonicia Goodwin, Wendy Filkins, Caroline McDonough, Diane Farley and Justina Talbot to join this lawsuit are DENIED.

2. Plaintiffs' motion (Docket No. 29) for class certification is DENIED.

3. Plaintiffs' motion (Docket No. 30) for appointment of counsel is DENIED.

    SO ORDERED.

    /s/ Richard G. Stearns
    UNITED STATES DISTRICT JUDGE